**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 21 2025

TAMMY H. DOWNS, CLERK

By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RASHUNDA A. PRIDGEON JENKINS

      Plaintiff,

v.                                                        CASE NO: 4:25-cv-00734-KGB


JEFFERSON HOSPITAL ASSOCIATION, INC.
d/b/a JEFFERSON REGIONAL MEDICAL CENTER
      Defendant.                                    JURY DEMANDED

---

## COMPLAINT

---

Comes Now, Plaintiff, RaShunda A. Pridgeon Jenkins, by and through the undersigned attorney and files her Complaint against the above-named Defendant on the following grounds:

I.

## INTRODUCTION

This is a civil rights action brough pursuant to 42 U.S.C. §2000e et seq. (Title VII of the Civil Rights Act of 1964 as amended), and 42 U.S.C. §1981, pursuant to the Fourteenth Amendment to the United States Constitution, and to recover equitable relief on behalf of the plaintiff and against the Defendant for the unlawful employment practices that the Plaintiff has been subjected to on the basis of her race. This is an action for declaratory, injunctive, and equitable relief as well as for monetary damages to redress Defendant's unlawful employment practices of discrimination against the Plaintiff in violation of 42 U.S.C. §2000e et seq. and 42

This case assigned to District Judge Baker

and to Magistrate Judge Ervin

U.S.C. §1981.

## II.

## JURISDICTION

1.   Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §1331, 1343, 1391, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

## III.

## VENUE

2.   Defendant, Jefferson Hospital Association, Inc. d/b/a Jefferson Regional Medical Center ("JRMC") operates a hospital in Pine Bluff, Arkansas within the Eastern District of Arkansas at all times pertinent to this cause of action. All actions by Defendant alleged herein occurred within the Eastern District of Arkansas. Venue is proper within this District for the Defendant pursuant to 28 U.S.C. §1391 (b) (c).

## IV.

## PARTIES

3.   The Plaintiff, RaShunda A. Pridgeon Jenkins, is an African American female citizen of the United States, who is a resident citizen of Pine Bluff, Jefferson County, Arkansas.

4.   Defendant, Jefferson Hospital Association, Inc. d/b/a Jefferson Regional Medical Center (herein after referred to as ("JRMC"), is a duly authorized corporation under the laws of the State of Arkansas with its principal office located at 1600 West 40th Avenue, Pine Bluff, AR 72603 at all times pertinent to this cause of action; and which may be reached with service of process by serving its Registered Agent, Brian Thomas, 1600 West 40th Avenue, Pine Bluff, AR 71603.

2

## V.

## STATEMENT OF FACTS

5.   The Plaintiff began working as a registered nurse in JRMC's nursery department on or about January 7, 2013.

6.   Plaintiff's supervisor was Susan Sweat, Manager of Maternal Child, at all times pertinent to this cause of action.

7.   On November 6, 2023, the Plaintiff worked on the nightshift with Syneitra D. Steward, (African American Nurse).

8.   On November 7, 2023, Plaintiff, Rashunda Pridgeon-Jenkins (African American Nurse) worked with Kyndle Chastain, (Caucasian nurse).

9.   On November 10th, Syneitra D. Steward (African American nurse) and Kyndle Chastain (Caucasian nurse), worked the nightshift from 7:00 p.m. to 7:00 a.m. for the Defendant "JRMC" in the nursery department.

10.   On the morning of November 12, 2023, Syneitra D. Steward (African American nurse) took out the trash at the end of her shift and the trash of the Plaintiff Rashunda Pridgeon (African American nurse). This trash was from two shifts (dayshift and nightshift on November 12th)

11.   The bin where the trash was placed was full because the trash bin was not emptied over the weekend.

12.   On November 13, 2023, Susan Sweat (Manager of Maternal Child) called the Plaintiff and had her meet at HR on November 14, 2023. When the Plaintiff asked Ms. Sweat why they were meeting in HR, she responded that she could not tell her until they met in HR.

13.   On the morning of November 14, 2023, the Plaintiff met with Susan Sweat

(Manager of Maternal Child), Robin Munn (employee relations Specialist), and Veronica Alexander (Director of Human Resources).

14.  At the meeting on November 14, 2023, Susan Sweat showed the Plaintiff a photo of a bag of trash with a bottle of Similac Sensitive formula in it and a copy of her charting that showed that she charted Similac 360 formula. Ms. Sweat said the bottle of sensitive formula in the trash was from the Plaintiff's shift.

15.  At the meeting on November 14, 2023, the Plaintiff explained to Susan Sweat that that she had not fed any sensitive formula over the weekend because her patient was feeding breast milk. Susan Sweat insisted that the bottle in the trash was from her shift.

16.  Susan Sweat showed the Plaintiff her charting from September and October of 2023 where she had charted regular Similac 360 formula.

17.  Plaintiff explained to Susan Sweat that she charted Similac 360 formula because that is what she fed the patient. She also reminded Sweat that in the healthcare profession what is charted, is what is done, what is not charted, is not done.

18.  During the meeting with Susan Sweat on November 14, 2023, the Plaintiff was accused of falsifying documentation and potentially causing harm to a patient.

19.  During the meeting with Susan Sweat on November 14, 2023, the Plaintiff explained to her that the alleged "13" missing bottle of formula could have occurred by the Emergency Room staff getting mild from the cabinet, postpartum and pediatrics getting milk from the cabinet. Furthermore, the Plaintiff explained that mothers are sent home with extra milk, per mother's or Dr. request. The Plaintiff explained that she had been instructed to throw away any bottles with broken seals and also to discard milk that had expired.

20.  On November 14, 2023, at 1:58 p.m., the Plaintiff received a text message from

Susan Sweat and the Plaintiff's co-worker, Syneitra Steward, also received the same message to meet on November 15, 2023, in HR at 1300.

21. When the Plaintiff arrived to meet with Susan Sweat on November 15, 2023, she was told she was not allowed to ask any questions, only to sign her termination that was dated November 13, 2023.

22. Plaintiff told Susan Sweat in the meeting on November 14, 2023, that she had never given sensitive formula to any patient without a doctor's order.

23. Susan Sweat and Robin Munn both alleged, according to Jefferson Regional's position statement to EEOC, that the Plaintiff termination was a result of a confession, which is falsifying hospital documentation and defaming the Plaintiff.

24. There was no documentation in the patients' chart on November 12th from the day shift that patients had been given sensitive formula that made them vomit throughout the day.

25. There was no systematic accounting for the bottles of formula and the type of formula that were being used that could be matched to the charts of the patients.

26. There were two nightshifts, and the other night shift had Caucasian nurses, but none of those nurses were investigated.

27. That the dayshift that completed their shift before the Plaintiff began her night shift were Caucasian nurses, but none of those nurses were investigated.

28. The only nurses that were investigated were the Plaintiff and the African American nurse, Syneitra D. Steward, who worked with her on one of the nightshifts for the weekend of November 12, 2023.

29. There was a Caucasian nurse named Kyndle Chastain that worked on the evening shift with the Plaintiff on November 7, 2023, but she was never investigated for using sensitive

formula without an order.

30.   There were two nightshifts, and the other night shift had Caucasian nurses, but none of those nurses were suspended during the alleged investigation of who was giving sensitive formula to babies without a doctor's orders.

31.   That the Defendant took the unsubstantiated word of a Caucasian nurse that she felt unsafe working with the Plaintiff because the Plaintiff and another African American nurse fed babies sensitive formula all night was false and defamatory.

32.   That the Plaintiff during her ten years of working for the Defendant had never been disciplined for any violation of the Defendant's policies or procedures in administrating health care to the patient.

33.   That the Plaintiff at the time that she was terminated on November 15, 2023, because of the false allegations against her that she gave babies sensitive formula without a doctor's order met all of the qualifications for her job as a registered nurse and was meeting the expectations of her employer JRMC.

34.   That the Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and was issued a right to sue letter on April 30, 2025, which is attached hereto as Exhibit "1".

## VI.

### DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000e *et seq.* and 42 U.S.C § 1981

35.   That the Plaintiff realleges paragraph numbered (1) through (34) as though set forth word for word herein.

36.   Plaintiff alleges that she was being discriminated on the basis of her race, African-American, in the application of disciplinary action taken by the Defendant in violation of Title

6

VII of the Civil Rights Acts of 1964, as amended, and 42 U.S. §1981, when she was suspended and discharged on November 15, 2023.

37.   Plaintiff alleges that she was being discriminated on the basis of her race, African-American when she was investigated for allegedly giving babies sensitive formula without a doctor's orders when her Caucasian counterparts that had access to the same formula was not investigated and placed on administrative suspension in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S. § 1981.

38.   That Plaintiff was treated differently than individuals outside of the protected class when the Defendant focused on her as a nurse giving babies sensitive formula based on the unsubstantiated word of Caucasian nurses without allowing the Defendant an opportunity to rebut the statements of her accusers or to confront these accusers was a pretext for discrimination based on race in violation of Title VII of the Civil Rights Acts of 1964, as amended, and 42 U.S. §1981.

39.   That the Defendant's action in suspending the Plaintiff on false allegations that resulted in her discharge on November 15, 2023, was an adverse employment action that arose from discriminatory treatment because of her race and resulted in depriving the Plaintiff of her earnings and other benefits and privileges of employment with the Defendant in violation of Title VII of the Civil Rights Acts of 1964, as amended, and 42 U.S. §1981.

## VII.

## DAMAGES

40.   As a direct and proximate cause of the Defendant's discriminatory conduct, in violation of 42 U.S.C. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §1981, and the Fourteenth Amendment to the United States Constitution, the Plaintiff

has suffered and continues to suffer a loss of pay, benefits, and prestige.

41.    As a direct and proximate cause of the Defendant's discriminatory conduct in violation of 42 U.S.C. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §1981, and the Fourteenth Amendment to the United States Constitution, the Plaintiff has suffered and continues to suffer mental and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain, and suffering.

42.    That the acts of the Defendant by and through its management-employees have been intentional, and willful, and Plaintiff should therefore be entitled to an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

1.    Judgment against the Defendant in the sum of $500,000.00 for compensatory damages including but not limited to back pay, front pay, and all other employment benefits, and for the Plaintiff's emotional pain and suffering.

2.    Judgment against Defendant for $500,000.00 for punitive damages.

3.    Injunctive and declaratory relief, prohibiting Defendant from further violations of Title VII and 42 U.S.C. §1981.

4.    All other relief, legal and equitable to which Plaintiff may be entitled;

5.    Award of attorney's fees and all court costs, including discretionary costs; and

6.    Jury demand.

Respectfully submitted,

/s/ Sheila F. Campbell
Sheila F. Campbell, ARK#83239

8

Attorney at Law
2510 Percy Machin
North Little Rock, AR 72114
(501) 374-0700 (telephone)
(501) 372-5375(fax)
campbl@sbcglobal.net



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Little Rock Area Office**
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/30/2025

**To:** Mrs. Rashunda A. Pridgeon Jenkins
904 Deer Run North
PINE BLUFF, AR 71603
Charge No: 493-2024-00562

EEOC Representative and email:   JEROME NUNLEY
Federal Investigator
jerome.nunley@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2024-00562.

On behalf of the Commission,

Digitally Signed By: William A Cash
04/30/2025
William A Cash
Area Office Director

EXHIBIT
// , //

Cc:
Nathan A Read
Mitchell, Williams, Selig, Gates, & Woodyard P.L.L.C.
4206 JB HUNT DR STE 200
Rogers, AR 72758

Robin Munn
Jefferson Regiomnal Medical Center
1600 W 40th Ave
Pine Bluff, AR 71603

Marion Humphrey
1300 Martin Luther King, Jr. Drive
LITTLE ROCK, AR 72202


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 493-2024-00562 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Delner Franklin-Thomas, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 493-2024-00562 to the District Director at Delner Franklin-Thomas, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.